**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MERLE KITCHEN and LAURA KITCHEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-25-1385-R |
| STATE FARM FIRE AND CASUALTY COMPANY and DUSTY TREAT AGENCY, LLC., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is the Motion to Remand filed by Plaintiffs Merle Kitchen and

Laura Kitchen [Doc. No. 10]. Defendant State Farm Fire and Casualty Company filed a

Response [Doc. No. 18] and Plaintiffs replied [Doc. No. 19]. The matter is now at issue.

## BACKGROUND

Plaintiffs initiated this action in state court, seemingly[1] asserting claims against

State Farm for breach of contract, breach of the duty of good faith and fair dealing, and

conspiracy to defraud, and claims against Defendant Dusty Treat Agency, LLC for actual

or constructive fraud and conspiracy to defraud [Pet., Doc. No. 1-1, ¶¶ 66-69]. State Farm

removed the case, contending the Treat Agency is fraudulently joined and its non-diverse

citizenship may be disregarded for purposes of establishing diversity jurisdiction [Doc. No.

---

[1] The Petition is somewhat unclear as to precisely which claims Plaintiffs are bringing
against which Defendants.

1

1]. Plaintiffs have moved to remand the action to state court, asserting State Farm has not met its burden of proving fraudulent joinder.

This case arises from State Farm's alleged wrongful denial of Plaintiffs' claim for hail damage to their property. Plaintiffs allege the denial was a result of State Farm's regular business practices, pursuant to which State Farm uses technical definitions to wrongfully underpay and/or partially deny claims. Pet., ¶¶ 35, 44-45. Plaintiffs allege they were subjected to these business practices when State Farm underpaid/partially denied their claim for hail damage to their roof. *Id.* ¶ 45. Plaintiffs' Policy stated it covered all accidental physical loss to their property and did not include language that excluded, limited, or restricted coverage for accidental physical loss resulting from wind or hail. *Id.* ¶¶ 22, 31. Plaintiffs' roof sustained such loss in 2023, but when they sought coverage for the damage, they learned State Farm utilized a definition of "hail damage" that requires bruising or fracturing of a shingle mat and excludes granule loss when applying the phrase "accidental physical loss." *Id.* ¶¶ 27, 31, 35. This definition, which Plaintiffs allege was not included in their Policy, led to State Farm partially denying their claim for the damage to their roof. *Id.* ¶¶ 31, 35-36, 44-46, 55.

Plaintiffs procured the Policy through the Dusty Treat Agency. *Id.* ¶ 10. According to Plaintiffs, when they procured the Policy, they asked the Treat Agency questions about the Policy's coverage. *Id.* ¶ 11. The Treat Agency assured Plaintiffs (1) the Policy would provide replacement cost value coverage for their property unless a specific exclusion applied and (2) the Policy's coverage was among the broadest available, subject to the exclusions specifically listed in the Policy. *Id.* ¶¶ 12, 15.

## LEGAL STANDARD

The standard for establishing that a defendant has been fraudulently joined is a difficult one: "'the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This standard "is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 2000 WL 525592, at *1-2 (10th Cir. 2000) (unpublished);[2] *see also Dutcher*, 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano*, 2000 WL 525592, at *2.

Although the fraudulent joinder standard presents a "high hurdle," *Dutcher*, 733 F.3d at 989, it is not an insurmountable one. Where a defendant's "non-liability is . . . established as both a matter of fact and law," the defendant's joinder is fraudulent and remand is appropriately refused. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). But courts must be

---

[2] Unpublished decisions are cited for their persuasive value. *See* FED. R. APP. P. 32.1.

careful not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* at 882 (citation omitted).

## DISCUSSION

### I.    Housekeeping

During the pendency of the Motion to Remand, State Farm filed a Motion to Dismiss Plaintiffs' Petition [Doc. No. 17]. State Farm asks the Court to decide the Motion to Dismiss prior to the Motion to Remand. This request is denied. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject-matter jurisdiction "over two general types of cases: cases that 'aris[e] under' federal law, [28 U.S.C.] § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, [28 U.S.C.] § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019). "[D]istrict courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017).

Plaintiffs bring only state law claims against Defendants, so federal question jurisdiction is lacking. Furthermore, Plaintiffs and the Treat Agency are all Oklahoma citizens. The Court must determine whether the Treat Agency is fraudulently joined to

determine whether the Treat Agency's citizenship may be disregarded for purposes of establishing diversity jurisdiction. *See Montano*, 2000 WL 525592, at *4 (finding non-diverse defendant's inclusion in the action did not constitute fraudulent joinder and thus her non-diverse status should have barred removal to federal court). The Court will not rule upon State Farm's Motion to Dismiss prior to determining whether it has jurisdiction over this action.

Next, State Farm asserts Plaintiffs' Motion to Remand improperly relies upon its previously filed Amended Complaint [Doc. No. 9], which this Court struck for failure to comply with Rule 8 [Doc. No. 16]. Although removability is typically determined on the face of the pleadings, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (internal citations omitted).

> [D]istrict courts within the Tenth Circuit have considered allegations included in a motion to remand under similar circumstances. *See, e.g.*, *Jackson v. State Farm Fire & Cas. Co.*, 647 F. Supp. 3d 1195, 1200-01 (W.D. Okla. 2022) (by arguing that the plaintiffs should be faulted for "supplying different or additional facts" to the motion to remand, the defendant "overlook[ed] the standard of decision"; "[t]here is no requirement that the [c]ourt's inquiry must be limited to the allegations of a plaintiff's complaint" and "no rule prohibiting a plaintiff from supplying additional factual details after fraudulent joinder is asserted"); *Rodgers v. United Air Lines, Inc.*, No. 13-cv-00218-CMA-MEH, 2013 WL 1951673, at *2 (D. Colo. May 9, 2013) (rejecting the defendant's argument that factual allegations in the plaintiff's motion to remand that were not alleged in the complaint could not be considered by the court). The fact that Plaintiffs have not yet amended their complaint is inconsequential.

*Oliver v. State Farm Fire & Cas. Co.*, 765 F. Supp. 3d 1244, 1250 (W.D. Okla. 2025).

Thus, the Court finds it proper to consider any supplemental allegations Plaintiffs may have

included or referenced within their Motion to Remand or Reply.

Finally, Plaintiffs assert State Farm did not timely file its Notice of Removal. *See*

28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action . . . shall be filed within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief."). However, because the Court finds the

Treat Agency is not fraudulently joined, and thus remand is proper because the Court lacks

jurisdiction over the action, it declines to rule on the timeliness of State Farm's removal.

## II.    Fraudulent Joinder

State Farm may establish fraudulent joinder by demonstrating actual fraud in the

pleading of jurisdictional facts or that Plaintiffs cannot establish a cause of action against

the Treat Agency in state court. Though State Farm references "actual fraud" briefly in its

Notice of Removal, it does not meaningfully assert in its Response to Plaintiffs' Motion to

Remand that there was actual fraud in the pleading of jurisdictional facts.[3] The Court will

therefore focus its analysis on the second prong of the fraudulent joinder standard.

Plaintiffs argue remand is proper because they have asserted the Treat Agency made

affirmative representations to Plaintiffs that led to their loss, which is sufficient to

---

[3] Also in its Notice of Removal, State Farm appears to assert that because the Insurance Commissioner is responsible for authorizing and approving insurance contracts for sale in Oklahoma, Plaintiffs' claims against the Treat Agency are subject to dismissal to the extent they are grounded in the Treat Agency's role in selling the Policy. *See* OKLA. STAT. tit. 36, §§ 307, 1203-1205. State Farm does not re-assert this argument in its Response to Plaintiffs' Motion to Remand, and the Court thus declines to engage with it.

demonstrate they at least have a possibly viable cause of action for constructive fraud against the Treat Agency.[4] State Farm argues Plaintiffs have failed to adequately plead fraud with particularity sufficient to satisfy FED. R. CIV. P. 9(b): "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." But in the context of assertions of fraudulent joinder,

> the question is not simply whether the state court petition contains well-pleaded factual allegations and has stated a plausible claim for relief . . . against [the Treat Agency] under [FED. R. CIV. P. 12(b)(6)] or asserted a claim . . . with sufficient particularity under Rule 9(b)[]. Rather, the challenged pleading must satisfy a "more exacting [standard] than that for dismissing a claim under [Rule] 12(b)(6)[,]" *Montano*, 2000 WL 525592, at *2 . . . or under Rule 9(b)[]—a "merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano*, 2000 WL 525592, at *2 (citation omitted). The Court must therefore decide under this "more exacting[,]" *id.*, standard whether [the insurance company] has "'demonstrate[d] that there is no possibility [the Plaintiffs] . . . would be able to establish a cause of action [based on fraud or deceit] against . . . [the Treat Agency].'" *Id.* at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (further quotation omitted)) (further citations omitted).

> In making its decision, the Court is mindful that its "objective . . . is not to pre-try the merits of the [P]laintiff[s'] claims," *Brazell v. White*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished); "[b]ut neither is the [C]ourt compelled to believe whatever the [P]laintiff[s] say[ ] in . . . [their state court petition]. Rather, 'upon allegations of fraudulent joinder designed to prevent removal, [the] . . . [C]ourt[ ] may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* (quoting *Smoot*, 378 F.2d at 881-82). "'[A]ll factual and legal issues must be resolved in [the Plaintiffs'] favor . . . .'" *Dutcher*, 733 F.3d at 988 (quotation omitted).

---

[4] Plaintiffs assert a claim for constructive fraud against the Treat Agency in the alternative to their actual fraud and other claims. Because Plaintiffs need only one possibly viable claim against the Treat Agency for remand to be proper, the Court limits its analysis to whether Plaintiffs' claim for constructive fraud against the Treat Agency is possibly viable.

*McDaniel v. Cont'l Cas. Co.*, No. CIV-17-818-W, 2018 WL 8758739, at \*3-4 (W.D. Okla. Feb. 16, 2018) (footnotes omitted) (citations altered).

Thus, "the Court should not 'pre-try' the substantive issues presented by the plaintiffs' claims or gauge for purposes of Rule 12(b)(6)[], or Rule 9(b)[], the sufficiency of the state court petition." *Id.* at \*4 n.9. If the Court deemed the Plaintiffs' state court petition inadequate pursuant to Rules 12(b)(6) or 9(b), the Plaintiffs "would arguably be permitted to amend that pleading to state a plausible claim against [the Treat Agency] that is sufficient to meet the *Twombly/Iqbal* standard, . . . and/or to meet their obligation under Rule 9(b)."[5] *Id.* at \*3 n.6. *See also* OKLA. STAT. tit. 12, § 2012(G) ("On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied."). "Accordingly, [State Farm] must show more than mere pleading defects." *McDaniel*, 2018 WL 8758739, at \*3 n.6.

State Farm asserts Plaintiffs have no possibly viable claim for constructive fraud against the Treat Agency. "Under Oklahoma law, as relevant here, constructive fraud consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice.'" *Steinkamp v. State Farm Fire & Cas. Co.*, No. CIV-22-00047-PRW, 2023 WL 11920886, at \*3 (W.D. Okla. Sep. 29, 2023) (quoting OKLA. STAT. tit. 15, § 59(1)). "Thus, in order to state a claim, Plaintiff[s] must plead a duty that was breached by [the Treat Agency], that [the Treat

---

[5] *Ashcroft v. Iqbal*, 555 U.S. 1030 (2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

8

Agency] benefited from that breach, and that Plaintiff[s were] prejudiced by the breach." *Id.*

Plaintiffs have alleged the Treat Agency made affirmative representations regarding the protection the Policy would allegedly provide for their property. Pet., ¶¶ 12, 15 (alleging the Treat Agency assured Plaintiffs the Policy would provide replacement cost coverage unless a specific exclusion applied and the coverage was among the broadest available, subject to exclusions specifically identified in the Policy). Although "Oklahoma law does not impose an affirmative duty upon insurance agents to advise their clients of the nature and character of the insurance procured, if an agent does advise its client, it has a duty to speak truthfully." *Steinkamp*, 2023 WL 11920886, at *3. Though initially the Treat Agency may not have had a duty to make representations regarding Plaintiffs' property or Policy, once it did so, it had a duty to speak truthfully. *South Sooner Holdings, LLC. v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022). Furthermore, Plaintiffs have alleged the Treat Agency's statements misrepresented the level of coverage that would be provided by State Farm in the event of their roof sustaining wind and/or hail damage. *See* Pet., ¶¶ 19-21, 31, 54, 62-65 (asserting the Treat Agency marketed the Policy to Plaintiffs as one with broad coverage, even though the Treat Agency knew or should have known State Farm misapplies Policy language to wrongfully deny or underpay claims for damage caused by hail and/or wind events). Plaintiffs have also alleged the Treat Agency gained an advantage through its misrepresentations, which caused Plaintiffs to purchase the Policy and pay higher premiums than their actual coverage warranted. *See id.* at ¶¶ 18, 58, 63, 65.

State Farm asserts Plaintiffs' theory of constructive fraud fails because it wrongly asserts the Treat Agency is liable for statements or promises of future acts. "[F]or a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts." *Citation Co. Realtors v. Lyon*, 610 P.2d 788, 790 (Okla. 1980). According to State Farm, the Treat Agency had no obligation to inform Plaintiffs what State Farm might do with any future claims. *See Goebel v. State Farm Fire & Cas. Co.*, No. CIV-22-0882-HE, 2023 WL 11883977, at *4 (W.D. Okla. Aug. 7, 2023) ("Plaintiffs' arguments essentially contend that an agent has a duty to anticipate, and advise the insured as to, anything that might conceivably limit the payment of a future claim. Such a contention goes beyond any duty contemplated by Oklahoma law.").

However, "Oklahoma follows the view that fraud can be predicated upon a promise to do a thing in the future when the intent of the promisor is otherwise. This principle is an exception to the general rule that for a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts." *Citation Co.*, 610 P.2d at 790; *see also McDaniel*, 2018 WL 8758739, at *4 n.9 (applying *Citation Co.* to find that "to the extent [an insurance agency] made a promise with the intent to deceive the [Plaintiffs] into acting upon the same, such promise could arguably support a viable cause of action"); *Northmarq Cap., LLC v. Kabani*, No. 24-cv-00073-SH, 2024 WL 4467522, at *6 n.10 (N.D. Okla. Oct. 10 2024) (quoting *McLean v. Sw. Cas. Ins. Co.*, 159 P. 660, 662 (Okla. 1915)) ("'There must be a misstatement of an existing fact; but the state of a man's mind is as much a fact as the

10

state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained, it is as much a fact as anything else. A misrepresentation as to the state of a man's mind is therefore a misstatement of fact.'").

Plaintiffs have alleged the Treat Agency made them certain promises regarding the coverage their Policy would provide them, even though the Treat Agency "knew or should have known . . . State Farm . . . as a matter of its regular business practices, misinterprets and misapplies the language of the [Policy] . . . to claims arising from wind and/or hail events." Pet., ¶ 21. Thus, Plaintiffs have alleged a "promise with the intent to deceive [them] into acting upon [it]," and "such promise could arguably support a viable cause of action" against the Treat Agency. *McDaniel*, 2018 WL 8758739, at *4 n.9.

The "fraudulent joinder inquiry does not weigh the ultimate persuasiveness of [Plaintiffs'] claims, nor does it resolve factual disputes about [the Treat Agency's] knowledge. The question is whether Oklahoma law might impose liability under the facts alleged." *Lawson v. State Farm Fire & Cas. Co.*, No. 25-cv-168-RAW-JAR, 2025 WL 4051957, at *3 (E.D. Okla. Oct. 20, 2025). Based on the allegations, Plaintiffs have at least a reasonable possibility of succeeding on their constructive fraud claim against the Treat Agency. State Farm has failed to establish fraudulent joinder, and remand is appropriate.

Accordingly, Plaintiffs' Motion to Remand is GRANTED and this action is REMANDED to the District Court of Oklahoma County.

IT IS SO ORDERED this 16th day of March, 2026.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE